IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT DeROSA, | ) | CIVIL 15-00165 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE ASSOCIATION OF APARTMENT OWNERS OF THE GOLF VILLAS; CERTIFIED MANAGEMENT, INC., dba CERTIFIED HAWAII aka ASSOCIA HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE ENTITIES 1-100, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 6, 2016 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, FILED ON MARCH 9, 2016, <u>OR IN THE ALTERNATIVE, TO CERTIFY ISSUES TO HAWAII SUPREME COURT</u>**

On May 6, 2016, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("5/6/16 Order"). [Dkt. no. 45.[1]] On May 20, 2016, Plaintiff Vincent DeRosa ("Plaintiff") filed a motion for reconsideration of the 5/6/16 Order or, in the alternative, for certification of issues to the Hawai`i Supreme Court ("Motion for Reconsideration"). [Dkt. no. 49.] Defendants the Association of Apartment Owners of the Golf Villas ("AOAO") and Certified Management, Inc., doing business as Certified Hawaii, now known as Associa Hawaii ("Certified," collectively "Defendants") filed

---

[1] The 5/6/16 Order is also available at 2016 WL 2626846.

their memorandum in opposition on June 6, 2016, and Plaintiff filed his reply on June 23, 2016.  [Dkt. nos. 66, 67.]  The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motion, supporting and opposing documents, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the 5/6/16 Order, and this Court will not repeat it here.  In the 5/6/16 Order, this Court dismissed Plaintiff's bad faith claim, prima facie tort claim, selective enforcement of governing documents claim, and breach of fiduciary duty claim with prejudice, and granted summary judgment in favor of Defendants as to Plaintiff's intentional infliction of emotional distress ("IIED") claim, negligent infliction of emotional distress ("NIED") claim, negligence claim, gross negligence claim, Haw. Rev. Stat. § 514B-105 claim,[2] racketeering claim, and Haw. Rev. Stat. § 514B-9 claim.  This Court denied Defendants'

---

[2] The 5/6/16 Order refers to Plaintiff's NIED claim, negligence claim, gross negligence claim, and § 514B-104 claim collectively as "the Negligence Claims."  2016 WL 2626846, at *11.

2

motion as to Plaintiff's breach of contract claim.  2016 WL 2626846, at *18.

In the Motion for Reconsideration, Plaintiff argues that the 5/6/16 Order failed to address his claims against Certified.  He also argues that this Court erred in dismissing his bad faith claim because: 1) there is a special relationship between Plaintiff and both the AOAO and Certified; and 2) Haw. Rev. Stat. § 514B-9(e), and Restatement (Third) of Property: Servitudes §§ 6.13 and 6.14 impose a duty on Defendants to act in good faith.  He also contends that, because the Hawai`i Supreme Court would adopt §§ 6.13 and 6.14, this Court erred in dismissing his selective enforcement of governing documents claim and breach of fiduciary duty claim.  If this Court is not inclined to reconsider its rulings on Plaintiff's claims based on § 6.13 and § 6.14, he argues that this Court should certify a question to the Hawai`i Supreme Court regarding whether the supreme court would adopt those sections.

Plaintiff also seeks reconsideration of this Court's ruling that his IIED claim and his Negligence Claims are time barred because they accrued on November 30, 2012 – the date that the AOAO filed the lien on his unit.  Finally, Plaintiff argues that this Court erred in granting summary judgment in favor of Defendants as to his racketeering claim.

**STANDARD**

I. **Reconsideration**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Plaintiff's Motion for Reconsideration alleges that this Court committed clear error in the 5/6/16 Order and/or that reconsideration of the order is necessary to prevent manifest injustice. [Reply at 5.]

4

## II. Certification of Questions to the Hawai`i Supreme Court

> "This court may certify a question to the Hawai`i Supreme Court when it concerns 'law of Hawai`i that is determinative of the cause and . . . there is no clear controlling precedent in the Hawai`i judicial decisions . . . .[']" <u>Saiki v. LaSalle Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Trust Series 2003-BC2</u>, Civil No. 10-00085 JMS/LEK, 2011 WL 601139, at *6 (D. Hawai`i Feb. 10, 2011) (quoting Haw. R. App. P. 13(a)). The court, however, should not certify questions when the answer is reasonably clear and the court can, using its best judgment, predict how the Hawai`i Supreme Court would decide the issue. <u>See</u> <u>id.</u> (citing <u>Helfand v. Gerson</u>, 105 F.3d 530, 537 (9th Cir. 1997); <u>Pai`Ohana v. United States</u>, 875 F. Supp. 680, 700 (D. Haw. 1995)). . . .

<u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, Civil No. 12-00064 LEK-KSC, 2015 WL 419654, at *11 (D. Hawai`i Jan. 30, 2015) (alterations in <u>Pac. Radiation</u>).

### DISCUSSION

### I. Claims Against Certified

The 5/6/16 Order clearly recognizes that Defendants brought their Motion for Summary Judgment, [filed 3/9/16 (dkt. no. 29),] on behalf of both the AOAO and Certified. 2016 WL 2626846, at *1. Further, where this Court dismissed Plaintiff's claims, the claims were dismissed in their entirety – not only as to the AOAO – and, where this Court granted summary judgment, this Court did so in favor of both Defendants. <u>Id.</u> at *18.

Specifically, Plaintiff argues that, although this Court concluded that there is no special relationship that would

support a bad faith claim against the AOAO and that the AOAO did not have a fiduciary duty to individual unit owners, this Court should have recognized that there is a special relationship between Plaintiff and Certified and that Certified had a fiduciary duty to Plaintiff.  Plaintiff's arguments are misplaced.  Plaintiff is correct that this Court stated:

> Although the Hawai`i Supreme Court has never expressly addressed whether it would recognize a bad faith claim in the context of the relationship between an apartment owner and **the apartment owners' association**, this Court predicts that the supreme court would decline to do so because of the lack of a special relationship.

5/6/16 Order, 2016 WL 2626846, at *3 (emphasis added).  However, there is no basis to find that a special relationship exists between an apartment owner and **the agent** for the apartment owners' association where there is no special relationship between the owner and the association itself.  This Court therefore concluded that "the relationship between Plaintiff and **Defendants** [was not] the type of special relationship that supports a bad faith claim."  Id. (emphasis added).

Similarly, although this Court discussed the principle that, under Hawai`i law, an owners' association does not owe a fiduciary duty to its members, there is no basis to conclude that the agent for the owners' association owes a fiduciary duty to the owners where the association itself does not owe such a duty.  This Court therefore concluded that "Plaintiff's relationship

with **Defendants** was not the type of relationship that gave rise to a fiduciary duty." Id. at *6 (emphasis added).

Thus, in the 5/6/16 Order, this Court did consider Plaintiff's claims against Certified and ruled against him. To the extent that Plaintiff's Motion for Reconsideration is based on the alleged failure to consider Plaintiff's claims against Certified, the motion is DENIED.

## II. <u>Arguments Considered in the Underlying Motion</u>

The remaining arguments that Plaintiff raises in the Motion for Reconsideration are all arguments that this Court considered and rejected in ruling on the underlying Motion for Summary Judgment. Plaintiff merely disagrees with this Court's rulings, and that is not a sufficient basis for reconsideration. See Davis, 2014 WL 2468348, at *3 n.4. Plaintiff's Motion for Reconsideration is DENIED to the extent that it argues: there is a special relationship between Plaintiff and the AOAO and between Plaintiff and Certified; an apartment owner may bring claims pursuant to § 514B-9; an apartment owner may bring claims pursuant to Restatement of Servitudes §§ 6.13 and 6.14; Plaintiff's IIED and the Negligence Claims accrued when Plaintiff paid the lien on February 4, 2013 instead of when the lien was filed; and Plaintiff presented sufficient evidence to raise a triable issue of fact as to his racketeering claim.

### III. <u>**Request to Certify Questions**</u>

In the Motion for Reconsideration, Plaintiff only requests certification of "the issue of the Hawaii Supreme Court's position on Restatement Section 6.13 and 6.14."[3] [Mem. in Supp. of Motion for Reconsideration at 10.]  However, in his Reply, in addition to reiterating that this Court should certify the question of whether an apartment owner can bring a claim for selective enforcement of the governing documents, Plaintiff argues that certification of several other issues would be appropriate: whether the relationship between an apartment owner and the owners' association supports a bad faith claim; whether the Hawai`i Supreme Court would recognize a prima facie tort claim in facts such as in this case; and whether there is a cognizable claim under § 514B-9.  [Reply at 4-5.]

First, this Court notes that it is not required to consider Plaintiff's requests for certification that he raised for the first time in the Reply.  <u>See</u> Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  However, for the sake of completeness, this Court has considered all of Plaintiff's requests for certification.

---

[3] Sections 6.13 and 6.14 primarily supported Plaintiff's selective enforcement of governing documents claim.

8

Plaintiff is correct that, for each of the issues that he has raised, this Court noted in the 5/6/16 Order that there was no Hawai`i case law directly addressing the issue and, if the Hawai`i Supreme Court were to adopt Plaintiff's position, the issue would arguably be determinative of the claim related to that issue. However, this district court will not certify a question to the Hawai`i Supreme Court where the district court can reasonably predict how the supreme court would decide that issue. Saiki, 2011 WL 601139, at *6. As to each of the issues that Plaintiff asks this Court to certify, this Court has already reviewed the relevant legal authority and concluded that it is possible to reasonably predict how the Hawai`i Supreme Court would decide that issue. This Court therefore CONCLUDES that it is not necessary to certify any of Plaintiff's proposed questions to the Hawai`i Supreme Court. To the extent that the Motion for Reconsideration requests that this Court certify questions, the motion is DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of the Court's May 6, 2016 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, Filed on March 9, 2016, or in the Alternative, to Certify Issues to Hawaii Supreme Court, filed May 20, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 20, 2016.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**VINCENT DEROSA VS. THE ASSOCIATION OF APARTMENT OWNERS OF THE GOLF VILLAS, ET AL; CIVIL 15-00165 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 6, 2016 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, FILED ON MARCH 9, 2016, OR IN THE ALTERNATIVE, TO CERTIFY ISSUES TO HAWAII SUPREME COURT**